UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO **00- 2280**

INTERNATIONAL COSMETICS
EXCHANGE, INC.,

**CIV - SEITZ**

Plaintiff,

MAGISTRATE JUDGE
GARBER

vs.

GAPARDIS HEALTH & BEAUTY,
INC., TANIOS SABA, and
ABDALLAH GHANDOUR,

Defendants.

_____/

## COMPLAINT

Plaintiff, International Cosmetics Exchange, Inc. ("I.C.E."), by and through its under-

signed counsel, hereby sues defendants, Gapardis Health & Beauty, Inc. ("Gapardis"), Tanios Saba

("Saba") and Abdallah Ghandour ("Ghandour"), and alleges:

### JURISDICTION AND VENUE

1.     This is an action for unfair competition under the Lanham Act, 15 U.S.C.

§1125, for unauthorized importation under the Tariff Act, 19 U.S.C. §1526, for trademark

infringement and unfair competition under Florida common law, for injury to business reputation

under Florida statutory law, §495.151 et seq. Florida Statutes, for unfair trade practices under

Florida's Deceptive and Unfair Trade Practices Act, § 501.201 et seq. Florida Statutes, and for unjust

enrichment and equitable accounting under Florida common law.



2.      By this action, I.C.E. seeks preliminary and permanent injunctive relief, damages, and costs and disbursements of this action, including investigative costs and reasonable attorneys' fees to the fullest extent permitted by law.

3.      This Court has jurisdiction of over the first and second causes of action which arises under 15 U.S.C. §1125 and 19 U.S.C. §1526, respectively, pursuant to 15 U.S.C. §1121, 19 U.S.C. §1526, 28 U.S.C. §1338 and 28 U.S.C. §1331.

4.      This Court has supplemental jurisdiction over the remaining causes of action which arise under Florida statutory and common law pursuant to 28 U.S.C. §1367.

5.      This Court has in personam jurisdiction over these Defendants under § 48.001 et seq. Florida Statutes, and venue is proper in this Court under 28 U.S.C. §1391 in that these Defendants have their principal place of business or reside in the Southern District of Florida and transact substantial business in and throughout the Southern District of Florida, and because the causes of action alleged herein arose, accrued and/or occurred within the Southern District of Florida.

### THE PARTIES

6.      I.C.E. is a corporation organized and existing under the laws of the state of New York with its principal place of business located in Queens, New York. I.C.E. is the owner and holder of all rights, title and interest in the mark "FAIR & WHITE" in the United States, Canada and te Caribbean Islands in connection with cosmetics, namely face and body creams, soaps, lotions, gels and similar products and is the exclusive distributor of such products in the United States pursuant to a written agreement with the French manufacturer, Continental Laboratoires Medica.

-2-

7.      Gapardis is a corporation organized and existing under the laws of the state of Florida with its principal place of business located in Miami-Dade County, Florida. Gapardis is engaged in the wrongful and tortious conduct alleged herein, including but not limited to, the unauthorized importation, use, offering for sale, sale, distribution and marketing of products bearing the "FAIR & WHITE" mark and trade dress in and around the South Florida market outside of authorized distribution channels in direct competition with I.C.E. and its exclusive licensees.

8.      Saba is a citizen of Miami-Dade County, Florida and is a principal of Gapardis and transacts business for or on behalf of Gapardis in Miami-Dade County, Florida. Upon information and belief, Saba authorized, directed, provided financially assistance and otherwise actively participated in the wrongful and tortious conduct alleged herein, including but not limited to, the unauthorized importation, use, offering for sale, sale, distribution and marketing of products bearing the "FAIR & WHITE" mark and trade dress in and around the South Florida market.

9.      Ghandour is a citizen of Miami-Dade County, Florida and is a principal of Gapardis and transacts business for or on behalf of Gapardis in Miami-Dade County, Florida. Upon information and belief, Ghandour authorized, directed, provided financially assistance and otherwise actively participated in the wrongful and tortious conduct alleged herein, including but not limited to, the unauthorized importation, use, offering for sale, sale, distribution and marketing of products bearing the "FAIR & WHITE" mark and trade dress in and around the South Florida market.

## BACKGROUND FACTS

10.     As early as February 1999, I.C.E. has imported, sold, distributed, marketed and promoted products bearing the "FAIR & WHITE" mark in commerce in the United States, and

-3-

has continuously developed, advanced and promoted the "FAIR & WHITE" brand name in connection with such products in the United States, Canada and the Caribbean Islands.

11.     I.C.E. has expended considerable sums of money developing, marketing, offering for sale, selling, distributing and otherwise promoting the "FAIR & WHITE" brand name in the United States, Canada and the Caribbean Islands. As a result of I.C.E.'s efforts, the "FAIR & WHITE" brand name and the distinctive trade dress used for such products have achieved wide-spread popularity, recognition and awareness, and have become well known to wholesalers, retailers and consumers of African-American and ethnic skin care products in the United States, Canada and the Caribbean Islands.

12.     The trade dress that is used for the line of "FAIR & WHITE" brand products is distinctive, arbitrary and fanciful, and since its introduction into the markets of the United States, Canada and the Caribbean Islands by I.C.E., it has enjoyed secondary meaning. A true and correct specimen of the packaging of the "FAIR & WHITE"soap, cream gel and body clearing cream is attached hereto and made a part hereof by reference as Exhibits "A," "B" and "C," respectively.

13.     On April 10, 1999, Continental Laboratoires Medica ("C.L.M."), the owner of the "FAIR & WHITE" mark in France, entered into an agreement with I.C.E., wherein C.L.M. granted and assigned to I.C.E. the exclusive right to register the "FAIR & WHITE" mark in the United States Patent and Trademark Office and to be the owner of all rights, title and interest in the "FAIR & WHITE" mark in the United States, Canada and Caribbean Islands.

14.     C.L.M. and I.C.E. entered into the agreement to further their mutual objectives of continuing to develop, market and promote the "FAIR & WHITE" brand name in the United States, Canada, the Caribbean Islands as well as in Europe, and of ensuring the proper

-4-

and swift policing, enforcement and seizure of unauthorized importations or counterfeit products bearing the "FAIR & WHITE" brand name in the United States.

15. To enhance and protect the "FAIR & WHITE" mark, I.C.E. has developed and implemented a system of quality controls and assurances for "FAIR & WHITE" brand products sold in the United States. I.C.E.'s quality control and assurance standards are an integral part of the value of the "FAIR & WHITE" mark in the United States which has substantially increased I.C.E's goodwill and reputation in the community, and ultimately, sales of "FAIR & WHITE" products sold by I.C.E.

16. Notwithstanding, in a scheme to illegally profit from the "FAIR & WHITE" brand name, and goodwill and reputation created by I.C.E. for "FAIR & WHITE" brand products, Defendants are engaged in the unauthorized importation, use. offering for sale, sale, distribution and promotion of products bearing the "FAIR & WHITE" mark in the United States, without the prior consent or authorization from I.C.E.

17. Defendants are neither approved direct-ship customers of I.C.E. for "FAIR & WHITE" brand products nor are they authorized sales agents, licensees or distributors of I.C.E.

18. Defendants' unauthorized acts are being committed in and effect interstate commerce.

19. Unless preliminarily and permanently enjoined by this Court, Defendants will continue to illegally profit from the unauthorized importation, use, sale and distribution of "FAIR & WHITE" brand products in violation of I.C.E's rights under the Lanham Act, the Tariff Act and Florida law.

-5-

20. Upon becoming aware of Defendants' wrongful conduct, I.C.E. retained the law firm of Mattlin & McClosky to prosecution of this action on its behalf.

21. All conditions precedent to this action and I.C.E.'s claims asserted herein, if any, have been satisfied, performed, excused and/or waived.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1125(a)**

22. I.C.E. realleges, readopts and incorporates by reference the allegations made and contained in paragraphs 1 through 21 above as though fully set forth herein.

23. This cause of action for federal unfair competition arises under §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

24. Defendants' unauthorized use and threatened continued use of the "FAIR & WHITE" mark and trade dress in the United States in connection with identical and/or similar goods to those sold by I.C.E, including but not limited to, the unauthorized importation, offering for sale, sale, distribution and promotion of products bearing the "FAIR & WHITE" mark, which have not been subject to I.C.E.'s quality control standards and which are not distributed through authorized distribution channels, constitutes a false designation of origin, a false or misleading description or representation of fact and a false or misleading representation of the nature, geographic origin and source of the products in violation of of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

25. Defendants' acts are likely to create and are calculated and designed to cause (and have caused) confusion, mistake or deception among wholesalers, retailers and consumers of "FAIR & WHITE" brand products that the products are those sold by I.C.E. or by a company associated, affiliated or licensed by I.C.E. to sell such products, and Defendants' use and threatened

-6-

continued use of the "FAIR & WHITE" mark and trade dress in the United States, without I.C.E.'s consent or authorization, is likely (if not certain) to deceive and mislead consumers into believing that the products originate from or are associated, approved or authorized by I.C.E. or that the products conform to I.C.E.'s quality control standards.

26.     The aforementioned acts of Defendants constitute a willful, deliberate and intentional attempt to trade and unfairly compete with and illegally profit from the valuable name, goodwill and reputation of I.C.E. and the "FAIR & WHITE" mark and trade dress, and to mislead consumers that the products are those of I.C.E. or someone associated, affiliated, approve, authorized or licensed by I.C.E.

27.     As a direct and proximate result of Defendants' wrongful and tortious conduct alleged herein, I.C.E. has been severely damaged in an amount to be determined at trial, exclusive of costs, disbursements, interest and attorneys' fees, and continues to suffer serious irreparable harm and injury for which it has no adequate remedy at law.  I.C.E.'s damages and injury are continuing and additional harm to I.C.E. will occur so long as the aforementioned illegal acts of Defendants are not restrained and enjoined.

## COUNT II
## VIOLATION OF 19 U.S.C. § 1526(a)

28.     I.C.E. realleges, readopts and incorporates by reference the allegations made and contained in paragraphs 1 through 21 above as though fully set forth herein.

29.     This cause of action for unauthorized importation of foreign made merchandise arises under §526 of the Tariff Act, 19 U.S.C. §1526.

-7-

30.     Defendants' unauthorized importation, sale and distribution of products bearing the "FAIR & WHITE" mark and trade dress of foreign manufacture which is owned by a citizen of, or by a corporation or association created or organized within, the United States without the prior written consent of the United States owner constitutes a violation of §526(a) of the Tariff Act, 19 U.S.C. §1526(a).

31.     The aforementioned acts of Defendants constitute a willful, deliberate and intentional attempt to trade and unfairly compete with and illegally profit from the valuable name, goodwill and reputation of I.C.E. and the "FAIR & WHITE" mark and trade dress, and to mislead consumers that the products are those of I.C.E. or someone associated, affiliated, approve, authorized or licensed by I.C.E.

32.     As a direct and proximate result of Defendants' wrongful and tortious conduct alleged herein, I.C.E. has been severely damaged in an amount to be determined at trial, exclusive of costs, disbursements, interest and attorneys' fees, and continues to suffer serious irreparable harm and injury for which it has no adequate remedy at law.  I.C.E.'s damages and injury are continuing and additional harm to I.C.E. will occur so long as the aforementioned illegal acts of Defendants are not restrained and enjoined.

### COUNT III
### COMMON LAW INFRINGEMENT AND UNFAIR COMPETITION

33.     I.C.E. realleges, readopts and incorporates by reference the allegations made and contained in paragraphs 1 through 21 above as though fully set forth herein.

-8-

34.     This cause of action for trademark infringement and unfair competition arises under the Florida and federal common law.

35.     Since its inception into the United States marketplace in February 1999, I.C.E. has continuously developed, marketed, promoted, sold and distributed products bearing the "FAIR & WHITE" mark and distinctive trade dress in commerce in the United States, Canada and the Caribbean Islands. I.C.E.'s development and sale of "FAIR & WHITE" brand products pre-dated any of the acts of Defendants complained of herein. By I.C.E.'s first use of the "FAIR & WHITE" mark and distinctive trade dress, I.C.E. acquired rights in the trademark senior and superior to any claimed by Defendants or any others taking by, through or under them.

36.     Defendants' unauthorized importation, use, offering for sale, sale, distribution and promotion of products bearing the "FAIR & WHITE" mark and distinctive trade dress purporting to be "FAIR & WHITE" products authorized, associated, sold and marketed by I.C.E. and Defendants' other conduct as alleged herein constitutes infringement, misappropriation and unfair competition and represents an unjustifiable attempt to profit commercially from valuable name, goodwill and reputation of I.C.E. and the "FAIR & WHITE" mark created and developed by I.C.E. in violation of the common law of the state of Florida and the laws of all other states of the Unites States.

37.     Defendants' acts are likely to create and are calculated and designed to cause (and have caused) confusion, mistake or deception among wholesalers, retailers and consumers of "FAIR & WHITE" brand products that the products are those of I.C.E. or of a company associated or affiliated with I.C.E., and Defendants' use and threatened continued use of the "FAIR & WHITE" mark and trade dress, without I.C.E.'s consent or authorization, is likely (if not certain) to deceive

-9-

and mislead consumers into believing that the products originate from or are some way associated, approved or authorized by I.C.E., that the products conform to I.C.E.'s quality control standards or are associated or affiliated with I.C.E.

38.     By the acts complained of herein, Defendants have deliberately, willfully and intentionally misappropriated the valuable name, goodwill and reputation of I.C.E. and the "FAIR & WHITE" mark and distinctive trade dress for their own benefit and profit, and in direct competition with products sold by I.C.E.

39.     As a direct and proximate result of Defendants' wrongful and tortious conduct as alleged herein, I.C.E. has been severely damaged in an amount to be determined at trial, exclusive of costs, disbursements, interest and attorneys' fees, and has suffered serious irreparable harm and injury for which it has no adequate remedy at law.  I.C.E.'s damages and injury are continuing and additional harm to I.C.E. will occur so long as the aforementioned illegal acts of Defendants are not restrained and enjoined.

**COUNT IV**
**VIOLATION OF FLORIDA TRADEMARK DILUTION ACT**

40.     I.C.E. realleges, readopts and incorporates by reference the allegations made and contained in paragraphs 1 through 21 above as though fully set forth herein.

41.     This cause of action for trademark dilution and injury to business reputation arises under the Florida Trademark Dilution Act, § 495.151, Florida Statutes.

42.     By virtue of I.C.E.'s continuous advertising, promotion, distribution and sale of "FAIR & WHITE" brand products, the "FAIR & WHITE" mark and trade dress possess and/or have acquired a high degree of distinctiveness that is capable of dilution.

-10-

43.     The "FAIR & WHITE" mark and distinctive trade dress identify to the public (and is understood by the public) that I.C.E. is the exclusive source of the products bearing that name, symbol, label or trade dress in the United States, Canada, Caribbean Islands. I.C.E. also enjoys an outstanding business reputation for its "FAIR & WHITE" brand products, which includes but is not limited to, its reputation for quality, effectiveness and reliability.

44.     The aforementioned acts of Defendants have diluted and are likely to continue to dilute the distinctive quality of the "FAIR & WHITE" mark and trade dress and also to injure (and continue to injure or impair) the significance of the "FAIR & WHITE" mark as well as I.C.E.'s outstanding business reputation in violation of the Florida Trademark Dilution Act, §495.151, Florida Statutes.

45.     As a direct and proximate result of Defendants' wrongful and tortious conduct alleged herein, I.C.E. has been severely damaged in an amount to be determined at trial, exclusive of costs and disbursements, interest and attorneys' fees, and has suffered serious irreparable harm and injury for which it has no adequate remedy at law. I.C.E.'s damages and injury are continuing and additional harm to I.C.E. will occur so long as the aforementioned illegal acts of Defendants are not restrained and enjoined.

**COUNT V**
**VIOLATION OF FLORIDA DECEPTIVE TRADE PRACTICES ACT**

46.     I.C.E. realleges, readopts and incorporates by reference the allegations made and contained in paragraphs 1 through 21 above as though fully set forth herein.

47.     This cause of action for deceptive and unfair trade practices arises under the Florida Deceptive and Unfair Trade Practices Act, §§501.201 et seq. Florida Statutes.

-11-

48. Defendants' unauthorized use and threatened continued use of the "FAIR & WHITE" mark and trade dress in the United States in connection with identical and/or similar goods to those sold by I.C.E. including but not limited to, the unauthorized importation, offering for sale, sale, distribution and promotion of products bearing the "FAIR & WHITE" mark, which have not been subject to I.C.E.'s quality control standards and which are not distributed through authorized distribution channels, constitutes unfair methods of competition, unconscionable acts or practices and/or unfair and deceptive acts or practices in the conduct of trade or commerce in violation of the Florida Deceptive and Unfair Trade Practices Act.

49. As a direct and proximate result of Defendant's wrongful conduct alleged herein, I.C.E. has been severely damaged in an amount to be determined at trial, exclusive of costs and disbursements, interest and attorneys' fees, and has suffered serious irreparable harm and injury for which it has no adequate remedy at law. I.C.E.'s damages and injury are continuing and additional harm to I.C.E. will occur so long as the aforementioned illegal acts of Defendants are not restrained and enjoined.

**COUNT VI**
**UNJUST ENRICHMENT AND EQUITABLE ACCOUNTING**

50. I.C.E. realleges, readopts and incorporates by reference the allegations made and contained in paragraphs 1 through 49 above as though fully set forth herein.

51. Defendants have knowingly, deliberately and intentionally engaged in the unauthorized importation, use, offering for sale, sale, distribution and promotion of products bearing the "FAIR & WHITE" mark and trade dress in the United States and other conduct as alleged herein in an attempt to confuse consumers, to compete unfairly against I.C.E. and to illegally profit from the

-12-

name, goodwill and reputation of I.C.E. and "FAIR & WHITE" brand products developed by I.C.E. in the United States.

52.     As a direct and proximate result of Defendants' wrongful conduct alleged herein, Defendants have been unjustly enriched and have received profits, benefits and other consideration to which I.C.E. would otherwise be entitled under principles of equity. Accordingly, Defendants should be required to account for and disgorge those profits and other benefits received by them through or as a result of their wrongful conduct, and an equitable constructive trust should be placed upon all assets of Defendants in order to protect I.C.E.'s interest in such profits, benefits and other consideration.

## DEMAND FOR JUDGMENT

WHEREFORE, I.C.E. prays that this Court grant the following relief:

A.     Order and adjudge that Defendants have infringed upon and unfairly competed with the rights of I.C.E. in and to the "FAIR & WHITE" mark and trade dress and/or that Defendants have unlawfully imported "FAIR & WHITE" products of foreign manufacture in violation of 15 U.S.C. §1125(a), 19 U.S.C. §1526, Florida Statutes, §495.151 and §501.203 and under the Florida common law;

B.     Order and adjudge that Defendants are liable to I.C.E. for compensatory damages in an amount to be determined at trial, exclusive of interest, costs and disbursements including investigative costs and reasonable attorney's fees;

C.     Order and adjudge that Defendants, and their officers, agents, employees, attorneys, successors, assigns, affiliates, joint venturers, and any person in active concert or

-13-

participation with any of them, be enjoined and restrained first during the pendency of this action and thereafter permanently and forever from using, importing, selling, offering for sale, distributing or promoting any goods or materials which bear the "FAIR & WHITE" mark and distinctive trade dress, alone or in combination with any another words, terms or symbols, and requiring Defendants to export or destroy all products bearing the "FAIR & WHITE" mark and trade dress, as permitted under 15 U.S.C. §1117 and 19 U.S.C. §1526;

D.      Order and adjudge that Defendants be required forthwith to supply counsel for I.C.E. with a complete list of all individuals and entities from whom Defendants have purchased and imported products bearing the "FAIR & WHITE" trademark and trade dress and all individuals and entities to whom Defendants have sold, offered for sale and distributed products bearing the "FAIR & WHITE" mark and trade dress;

E.      Order and adjudge that Defendants be required forthwith to deliver to counsel for I.C.E. its entire inventory of infringing and unauthorized products bearing the 'FAIR & WHITE" mark and trade dress in Defendants' possession, custody or control;

F.      Order and adjudge that Defendants be required to account for any and all profits, benefits and other consideration attributable to its illegal, wrongful and tortious conduct alleged herein, and that in addition, I.C.E. be awarded three (3) times such profits (and/or the value of such benefits or other consideration), or three times any damages sustained by I.C.E., or both, as permitted under 15 U.S.C. §1117(a) and/or 19 U.S.C. §1526(c), and that I.C.E. be awarded prejudgment interest;

-14-

G.    Order and adjudge that I.C.E. be awarded the costs and disbursements of this

action, including investigative costs and reasonable attorneys' fees, as permitted under 15 U.S.C.

§1117(a) and Chapters 495 and 501 of the Florida Statutes;

H.    Order and adjudge that I.C.E. be awarded punitive or exemplary damages to

the fullest extent permitted by law; and

I.    Order and adjudge that I.C.E. be awarded such other and further relief as this

Court deems just and proper.

Dated: June _21_, 2000.

Respectfully submitted,

MATTLIN & MCCLOSKY
2300 Glades Road
Suite 400, East Tower
Boca Raton, Florida 33431
Tel. (561) 368-9200
Fax. (561) 395-7050

By:_____

Michael J. Ioannou, Esquire
Florida Bar No. 982 570

H:\LIBRARY\99044002\Pleading\Complaint.Fair&White.wpd

-15-

SODIUM PALMATE. SODIUM PALM KERNELATE.AQUA (WATER). PARFUM (FRAGRANCE). GLYCERIN SODIUM CHLORIDE. PRUNUS ARMENIACA (APRICOT SEED POWDER) TETRASODIUM ETIDRONATE. TETRASODIUM EDTA. HYDROQUINONE (0.1%). CI 77891. SODIUM HYDROXIDE.



FAIR**&** WHITE

**SAVON ECLAIRCISSANT GOMMANT**

à l'hydroquinone

LIGHTENING EXFOLIATING SOAP
with hydroquinone

**200gr        7 o.z**

**MADE IN FRANCE**

LABO. DERMA
PARIS



FAIR**&** WHITE

This new formula contains "F.A.W Whitening" ; the most effective ligthening and whitening active against brown patches and pigment blemishes of the skin (scars, pregnancy, age spots, sun patches). Result: a strong bleaching effect for a smooth and clearer complexion free of brown patches.
Instruction for use : On the cleansed face, apply the Fair&White cream gel to the areas to be treated. Gently massage to make it penetrate. Daily use morning and evening during 20 days minimum.
Dermatologically tested.

**MADE IN FRANCE**     Labo. DERMA PARIS     *30 gr/1 oz*

FAIR**&**
WHITE

FAIR**&**WHITE

**GEL CREME
ECLAIRCISSANT INTENSE
STRONG BLEACHING TREATMENT**



# CIVIL COVER SHEET

00- 2280

.e JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing a... ... of pleading or ... ... ...d by
.., except as provided by local rules of court. This ... approved by the Judicial Conference of the United States in September 1974, is required for the use of
~ Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

00 JUN 27 PM 1: 13

| (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| NTERNATIONAL COSMETICS EXCHANGE, INC., New York Corporation S. DIST. CT. S.D. OF FLA.-FTL | GAPARDIS HEALTH & BEAUTY, INC., TANIOS SABA, and ABDALLAH GHANDOUR |

CIV-SEITZ

MAGISTRATE JUDGE
GARBER

| b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   New York (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Miami-Dade (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|
| c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) ichael J. Ioannou, Esq., Mattlin & cClosky, 2300 Glades Rd., #400E, Boca aton, Florida 33431 (561) 368-9200 | ATTORNEYS (IF KNOWN) UNKNOWN |

d) CIRCLE COUNTY WHERE ACTION AROSE:
)ADE,) MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## BASIS OF JURISDICTION (PLACE AN X ONE BOX ONLY)

- 1. U.S. Government Plaintiff
- [X] 3. Federal Question (U.S. Government Not a Party)
- 2. U.S. Government Defendant
- 4. Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Case Only)

(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## V. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
O NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

rademark infringement and unfair competition under 15 U.S.C., Section 1125
nd 19 U.S.C., Section 1526 and under Florida law.

Va. _____ days estimated (for both sides) to try entire case

## NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| A   CONTACT | A   TORTS | B   FORFEITURE PENALTY | A   BANKRUPTCY | A   OTHER STATUS |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 States Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury-Med Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury-Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | A   PROPERTY RIGHTS | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | 820 Copyrights | 450 Commerce/ICC Rates/etc.  B |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | PERSONAL PROPERTY | 640 R.R. & Truck | 830 Patent | 460 Deportation |
| 151 Medicare Act | 340 Marine | 370 Other Fraud | 650 Airline Regs | [X] 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl Veterans)  B | 345 Marine Product Liability | 371 Truth in Lending  B | 660 Occupational Safety/Health | B   SOCIAL SECURITY | 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits  B | 350 Motor Vehicle | 380 Other Personal Property Damage | 690 Other | 861 HIA (1395ff) | 850 Securities/Commodities/Exchange |
| 160 Stockholder's Suits | 355 Motor Vehicle Product Liability | 385 Property Damage Product Liability | A   LABOR | 862 Black Lung (923) | 875 Customer Challenge 12USC3410 |
| 190 Other Contract | 360 Other Personal Injury | | 710 Fair Labor Standards Act | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| 195 Contract Product Liability | | | 720 Labor Management Relations  B | 864 SSID Title XVI | 892 Economic Stabilization Act |
| A   REAL PROPERTY | A   CIVIL RIGHTS | B   PRISONER PETITIONS | 730 Labor Management Reporting & Disclosure Act | 865 RSI (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | 740 Railway Labor Act | A   FEDERAL TAX SUITS | 894 Energy Allocation Act |
| 220 Foreclosure  B | 442 Employment | Habeas Corpus | 790 Other Labor Litigation | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | 530 General * | 791 Employee Ret. Inc. Security Act  B | 871 IRS-Third Party 26 USC 7609 | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 440 Other Civil Rights | 540 Mandamus & Other * | | | 890 Other Statutory Actions * * A or B |
| 290 All Other Real Property | | 550 Civil Rights * A or B | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- [X] 1. Original Proceeding
- 2. Removed From State Court
- 3. Remanded from Appellate Court
- 4. Refiled
- 5. Transferred from another district (Specify)
- 6. Multidistrict Litigation
- 7. Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ $1,000,000.00 | Check YES only if demanded in complaint JURY DEMAND: | YES [X] NO |
|---|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See Instructions): N/A | JUDGE | DOCKET NUMBER |
|---|---|---|---|

DATE   June 21, 2000

SIGNATURE OF ATTORNEY OF RECORD   M. F. Ioan

Fla. Bar No. 982570

UNITED STATES DISTRICT COURT
S/F I-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 519086   Amount: $160.00

Date Paid: 06-27-00   M/fp: _____