UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-02280-CIV-HUCK/OTAZO-REYES

I.C.E. MARKETING CORP.,

    Plaintiff/Counter-Defendant,

v.

GAPARDIS HEALTH AND BEAUTY, INC.,

    Defendant/Counter-Plaintiff,

v.

JACOB AINI,

    Counter-Defendant.
_____/

## SUPPLEMENTAL REPORT AND RECOMMENDATION

THIS CAUSE is before the Court upon Defendant/Counter-Plaintiff Gapardis Health and Beauty, Inc.'s ("Gapardis") Motion for Award of Damages Against Counter-Defendant Jacob Aini for Violation of Permanent Injunction (hereafter, "Motion for Injunction Damages") [D.E. 438].[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Paul C. Huck, United States District Judge [D.E. 465]. The undersigned held an evidentiary hearing on this matter on September 17, 2014 [D.E. 484] and issued a Report and Recommendation on November 13, 2014 [D.E. 485]. On February 25, 2014, Judge Huck remanded this matter to the undersigned for further proceedings [D.E. 495].

## PROCEDURAL BACKGROUND

On June 27, 2000, Plaintiff/Counter-Defendant I.C.E. Marketing Corp. ("I.C.E.") filed a

---

[1] Notwithstanding the title of the Motion for Injunction Damages, Gapardis seeks damages from both Counter-Defendants, namely, Jacob Aini and I.C.E. Marketing Corp. See [D.E. 438 at 1].

Complaint against Gapardis and others (collectively, "Defendants") [D.E. 1]. Therein, I.C.E. alleged that it had an exclusive right to register the trademark "FAIR & WHITE" with the United States Patent and Trademark Office and to be the owner of all rights, title, and interest in the FAIR & WHITE mark in the United States. Id. I.C.E. further alleged that the Defendants had sold products bearing the FAIR & WHITE mark without its consent. Id. Over time, pleadings were amended to include counterclaims against I.C.E. and Jacob Aini. Ultimately, the parties settled their dispute [D.E. 410].

On December 4, 2003, United States Magistrate Judge Stephen T. Brown, who was presiding over the case on consent of the parties, issued a Partial Final Order of Dismissal Upon Settlement and Permanent Injunction [D.E. 412].[2] Magistrate Judge Brown adopted the parties' Global Settlement Agreement as an order of the Court and entered a Permanent Injunction, consented to by the parties, enjoining Counter-Defendants I.C.E. and Jacob Aini (collectively, "Counter-Defendants"):

> a) From using: i) the trademark "PARIS FAIR & WHITE" ii) the trademark "FAIR & WHITE," iii) the inherently distinctive trade dress which has been used in connection therewith, said trade dress consisting of embossed or raised gold foil lettering separated by an enlarged blue ampersand and underlined in the same embossed or raised gold foil lettering, and a vertically imposed rectangular embossed or raised gold foil background to the left of the primary embossed or raised gold foil wording which background is inset with blue lettering, ("FAIR & WHITE Trademarks and Trade Dress"), or iv) any trademark or trade dress confusingly similar thereto, in connection with the manufacture, import, export, distribution, sale, or offering for sale of any goods or the rendering of any services, or engaging in other commercial activities with respect to products bearing the "FAIR & WHITE" Trademark and Trade Dress, both counterfeit and genuine; [and]
>
> ***
>
> e) From using any reproduction, counterfeit, copy or colorable imitation of the "FAIR & WHITE" Trademarks and/or Trade Dress . . . in connection with the publicity, promotion, sale, or advertising of goods sold by CounterDefendants

---

[2] The order was entered on December 8, 2003. Id.

2

> including, without limitation, cosmetic products.

[D.E. 412 at 3-4].

A decade later, on December 9, 2013, Gapardis filed its Motion for Injunction Damages claiming that Counter-Defendants had violated the Permanent Injunction [D.E. 438]. Specifically, Gapardis claimed that Counter-Defendants had sold products whose Clair & White trade dress (hereafter, "accused Clair & White trade dress") is confusingly similar to or a colorable imitation of the Fair & White trade dress protected by the Permanent Injunction (hereafter, "protected Fair & White trade dress").

The undersigned's Report and Recommendation recommended that the Motion for Injunction Damages be granted, that Counter-Defendants be found in civil contempt for violation of the Permanent Injunction, and that a liquidated damages judgment in the amount of $100,000 be entered in favor of Gapardis and against Counter-Defendants, jointly and severally [D.E. 485]. Counter-Defendants filed objections to the undersigned's Report and Recommendation on December 22, 2014 [D.E. 489]. On February 25, 2015, Judge Huck issued an Order adopting in part the undersigned's Report and Recommendation. See Order on Report and Recommendation [D.E. 495]. Judge Huck declined to adopt the Report and Recommendation's "conclusion as to I.C.E.'s violation of the Court's permanent injunction, based on I.C.E.'s objection to the legal standard used in the Report" and remanded the matter to the undersigned to "conduct any necessary further proceedings and issue an additional Report consistent with this Order." Id. at 1.

## APPLICABLE STANDARD

In his Order on Report and Recommendation, Judge Huck articulated the following standard to be applied on remand:

> By its clear terms, the injunction prohibits I.C.E. from producing a trade dress "confusingly similar" to the carefully defined elements of the Fair & White trade dress design. In trade dress infringement cases, similarity of design is determined by "considering the overall impression created by the mark as a whole rather than simply comparing individual features of the marks." *Ambrit v. Kraft, Inc.*, 812 F.2d 1531, 1540 (11th Cir. 1986). Therefore, as applied here, the injunction indicates that the Court should analyze whether Gapardis has shown, by clear and convincing evidence, that the Clair & White trade dress is confusingly similar to the overall appearance of the Fair & White design elements specified in the injunction. The Court should consider the design elements described in the injunction (i.e., an "enlarged blue ampersand," "embossed or raised gold lettering," etc.), but should view those elements as a whole. In other words, Gapardis need not show that I.C.E. misappropriated every single design element specified in the injunction. Rather, Gapardis must show that, overall, the Clair & White trade dress is confusingly similar to the combined elements of the [protected] Fair & White trade dress, as those elements are defined in the injunction.

Order on Report and Recommendation [D.E. 495 at 4-5].

## SUPPLEMENTAL FACTUAL FINDINGS

The undersigned makes the following supplemental factual findings based on the evidence presented at the September 17, 2014 hearing:

1. The protected Fair & White trade dress is composed of the following elements: "embossed or raised gold foil lettering separated by an enlarged blue ampersand and underlined in the same embossed or raised gold foil lettering, and a vertically imposed rectangular embossed or raised gold foil background to the left of the primary embossed or raised gold foil wording which background is inset with blue lettering." See Permanent Injunction [D.E. 412 at 3].

2. The accused Clair & White trade dress contains the following elements: on the face of the package the text "CLAIR & WHITE" appears in embossed gold foil lettering, below the name an embossed gold foil line runs the length of the package, and blue lettering appears in the background; and on the top of the package the text "CLAIR & WHITE" appears in embossed gold foil lettering, and to the side of the name appears a vertically imposed rectangular embossed gold foil line with adjacent blue lettering.

4

3. The protected Fair & White trade dress and the accused Clair & White trade dress are similar in that they both have: embossed or raised gold foil lettering separated by an ampersand, and blue lettering. The accused Clair & White trade dress at the front of the package and the protected Fair & White trade dress both contain an embossed or raised gold foil line that runs below the embossed or raised gold foil lettering. The accused Clair & White trade dress at the top of the package and the protected Fair & White trade dress both have a vertically imposed rectangular embossed or raised gold foil line, with adjacent blue lettering for Clair & White and superimposed blue lettering for Fair & White.

4. Viewing these similar elements as a whole, the undersigned finds, by clear and convincing evidence, that the accused Clair & White trade dress is confusingly similar to the overall appearance of the protected Fair & White trade dress.

## SUPPLEMENTAL CONCLUSIONS OF LAW AND RECOMMENDATION

Based on the foregoing considerations, the undersigned concludes that the accused Clair & White trade dress violates the Permanent Injunction. Therefore, the undersigned RESPECTFULLY RECOMMENDS that Counter-Plaintiff Gapardis' Motion for Injunction Damages [D.E. 438] be GRANTED, that Counter-Defendants Jacob Aini and I.C.E. be found in civil contempt for violation of the Permanent Injunction, and that a liquidated damages judgment in the amount of $100,000 be ENTERED in favor of Gapardis and against Jacob Aini and I.C.E., jointly and severally.

The parties have **fourteen (14) days** from the date of receipt of this Report and Recommendation within which to serve and file objections, if any, with the Honorable Paul C. Huck, United States District Judge. See Local Magistrate Rule 4(b). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.

See Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED in Miami, Florida this 2nd day of June, 2015.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Paul C. Huck
Counsel of Record